ULPIANO VÉLEZ, ETC., EX REL. MARCELINO CUADRADO, Plaintiffs and Appellants, *v.* GARCÍA COMMERCIAL, BRITISH AMERICA ASSURANCE COMPANY ET AL., Defendants and Appellees.

No. R-70-152.        Decided April 27, 1972.

646

*Emilio Delgado Roque, Wilfredo Márquez,* and *Juan P. Quiñones Rivera* for the Manager of the State Insurance Fund. *Agrait-Oliveras & Otero* for appellees.

MR. JUSTICE RIGAU delivered the opinion of the Court.

While Marcelino Cuadrado was performing duties of his job for his employer Rexach Construction Co. in the construction of a building, Antonio Vázquez Cruz negligently unloaded a bundle of steel rods from a truck in such a manner that an end of the bundle fell on top of Marcelino Cuadrado. As a result of that lesion it was necessary to amputate Cuadrado's left leg at the middle third of the thigh. The State Insurance Fund granted to Cuadrado a compensation of $9,462 for the damages suffered. Vázquez Cruz is a public freight carrier and the truck from which he unloaded the rods was his own. García Commercial, Inc., was in charge, through a subcontract with Rexach Construction, of the furnishing and installation of the steel reinforcements of the building. Vázquez Cruz carried the rods that were to be used in the construction from García Commercial warehouses. Under the provisions of 11 L.P.R.A. § 32 the Fund's Manager filed a complaint against Vázquez Cruz and his insurer, U.S. Casualty Co., and against García Commercial and its insurer, The British America Assurance Co.

The trial court, once the evidence was presented, rendered partial judgment, dismissed the complaint against García Commercial and its insurer, and left the case pending for further proceedings as to Vázquez Cruz and his insurer. The Manager of the State Insurance Fund appealed before this Court because he understood that the trial court erred upon deciding (1) that the transportation and delivery of rods does not involve a risk of foreseeable damages and (2) that since Vázquez Cruz was an independent contractor, García Commercial's insurance did not cover the accident.

█ The first contention lacks merit. In accordance with *Barrientos* v. *Gov. of the Capital*, 97 P.R.R. 539 (1969), liability is imposed upon the principal for the negligence of the independent contractor when the "work is inherently or intrinsically dangerous" or when the work "in the natural course of events entails some risk, unless special precautions are taken." Page 548. Even though the *Barrientos* case and the cases and authorities there mentioned are related to constructions, we believe that they would also apply to special transportation situations, as the transportation of dynamite would be. But we do not believe that they would be applicable to a case like the one at bar that only involves the unloading of a bundle of steel rods, even though it may be quite a heavy load. The risk involved is not different from the one involved in unloading any other load capable of injuring a human being. In both cases if a load falls on a person it may injure him. This is not the proper case to impose liability upon a loader for negligent acts of a carrier.

█ The general rule is that the liability is imposed on the one causing the damage. Section 1802, Civil Code, 31 L.P.R.A. § 5141. By exception liability is imposed on the employer for acts of his employees. Section 1803 of the same Code, 31 L.P.R.A. § 5142. But this exception does not include the acts of independent contractors, *Padilla* v. *Municipality*

*of Manatí*, 88 P.R.R. 18 (1963), except when the circumstances described in the *Barrientos* case, *supra*, occur.

■■ The transportation contract in the case at bar is governed by the Commerce Code, which is applicable when the carrier "is customarily engaged in transporting goods for the public," § 267 of the said Code, 10 L.P.R.A. § 1771(2). Pursuant to said body of laws "The carrier shall be liable for all the consequences of noncompliance on his part with the formalities prescribed by the laws and regulations of the public administration during the entire course of the trip and on the arrival at the point of destination. . . ." Section 295, Commerce Code, 10 L.P.R.A. § 1799. Reconciling the Civil Code provisions concerning the liability for negligence with the aforementioned provision of the Commerce Code concerning public carriers, we must conclude that only the carrier is liable for the damages which he may cause to third persons.[1]

The second point raised by appellant concerns the determination as to whether, even though García Commercial is not legally held liable for the negligence of the carrier of its goods, its insurer should answer for the accident since the same is covered by the terms of the insurance policy. Appellant's position is that the so-called "omnibus clause" of an insurance contract may include independent contractors as additional insureds; that in the case at bar they are included; and that the carrier is an independent contractor.

---

[1] In the United States the rule is the same, but under different circumstances liability has also been imposed on the loader or on the consignee. In general see: Anno: *Loading or Unloading Cars—Liability*, 102 A.L.R. 514; Anno: *Shipper—Liability—Improper Loading*, 35 A.L.R.2d 609; Anno: *Carrier Unloading Operations—Injury*, 86 A.L.R.2d 1399; Anno: *Automobiles—Objects Transported—Fall*, 91 A.L.R.2d 897. In the case at bar the loader and the consignee happen to be one sole entity (García Commercial) but we do not find any of the circumstances described in the cited annotations to justify the imposition of liability on it. The carrier was the only negligent party and only he should be responsible for the consequences of his acts.

■ We do not agree. The so-called omnibus clause[2] is nothing more than the clause that defines the term "insured". See 12 Couch, *On Insurance* 2d, § 45:291. This clause may include as insured, besides the contracting party, any other person named in the clause, including independent contractors, *Id.* § 45:305; *Sánchez* v. *Soler*, 87 P.R.R. 409, 415–416 (1963). The persons, or the types of persons named in said clause are covered by the policy even if the contracting insured has no legal liability for the acts of said persons. *Id.* § 45:293. *Pérez* v. *Maryland Casualty Co.*, 78 P.R.R. 453, 461 (1955). But in the policy now before us the independent contractors do not appear under the clause which defines the term insured (omnibus clause) but under the clauses concerning "exclusions". The importance thereof is based on the fact that the carrier in this case is not an additional insured, but that the liability of the insurer shall depend upon whether liability may be imposed on the insured as we will see hereinafter.

Coverages "A" and "B" of the policy cover what relates to personal damages. Coverage "A" covers accidents resulting from the possession, maintenance, or use of motor vehicles. Coverage "B" covers accidents other than automobile accidents. Both coverages limit the insurer's liability to claims which the assured is legally bound to satisfy for damages. In discussing the first error we saw that García Commercial is not legally liable for the damages caused by the carrier in this case.

The exclusion clause "d" has the effect of extending coverage "B" to operations of independent contractors and to the possession, maintenance, operation, use, loading, and unloading of motor vehicles, if the accident occurs out of the insured's property limits. But we have seen that that coverage "B" does not cover accidents for which the insured is not

---

[2] *Sánchez* v. *Soler*, 87 P.R.R. 409, 414 (1963).

650

legally liable and, consequently, the operations of independent contractors and the unloading of vehicles are covered only if the insured is legally liable for such activities. It is well known that the liability of an insurer is not absolute but that it depends on whether the policy covers the risk. *García* v. *Northern Assurance Co.*, 92 P.R.R. 236, 247 (1965); *Almonte* v. *Díaz*, 86 P.R.R. 106, 109 (1962). Construing clauses similar to those in the case at bar it was held in *American Casualty Co. of Reading* v. *Denmark Foods*, 224 F.2d 461, that the same did not cover an automobile accident of an independent contractor who was transporting the assured's goods inasmuch as the assured was not liable for tortious acts of an independent contractor, unless an inherently dangerous activity was involved.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martínez Muñoz took no part in the decision of this case.